UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOWN OF HALFMOON and COUNTY OF
SARATOGA,

      Plaintiffs,

 -v-             1:09-CV-228 (LEAD)

GENERAL ELECTRIC COMPANY,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARATOGA COUNTY WATER AUTHORITY,

      Plaintiff,

 -v-             1:11-CV-6 (MEMBER)

GENERAL ELECTRIC COMPANY,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NOLAN & HELLER, LLP<br>Attorneys for Plaintiff Town of Halfmoon<br>39 North Pearl Street<br>Albany, NY 12203 | DAVID A. ENGEL, ESQ.<br>SHANNAN COLLIER<br> KRASNOKUTSKI, ESQ. |
| DREYER BOYAJIAN LLP<br>Attorneys for Plaintiffs Saratoga County and<br> Saratoga County Water Authority<br>75 Columbia Street<br>Albany, NY 12210 | CRAIG M. CRIST, ESQ.<br>DONALD W. BOYAJIAN, ESQ.<br>JAMES R. PELUSO, JR., ESQ.<br>BENJAMIN W. HILL, ESQ.<br>WILLIAM J. DREYER, ESQ. |
| MACKENZIE HUGHES LLP<br>Attorneys for Defendant<br>101 South Salina Street<br>Syracuse, NY 13221 | SAMANTHA L. MILLIER, ESQ. |

| WILLIAMS & CONNOLLY LLP | NEELUM J. WADHWANI, ESQ. |
| Attorneys for Defendant | ROBERT J. SHAUGHNESSY, ESQ. |
| 725 12th Street, NW | STEVEN R. KUNEY, ESQ. |
| Washington, DC  20005 | CONSTANCE T. FORKNER, ESQ. |
| | JOSEPH G. PETROSINELLI, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

### I. INTRODUCTION

On May 12, 2015, a Memorandum–Decision & Order (the "May 12 MDO" or "MDO") issued resolving cross-motions for summary judgment made by the parties to this consolidated action. Town of Halfmoon v. Gen. Elec. Co., –F. Supp. 3d–, 2015 WL 2229236, at *17 (N.D.N.Y. May 12, 2015).

In particular, the May 12 MDO denied motions for partial summary judgment by plaintiffs Town of Halfmoon ("Halfmoon"), County of Saratoga ("Saratoga"), and the Saratoga County Water Authority ("SCWA") (collectively "plaintiffs") on the issue of defendant General Electric Company's ("GE") liability under state and federal law. Town of Halfmoon, 2015 WL 2229236, at *17. Conversely, the MDO granted in part GE's motion for summary judgment, finding all of plaintiffs' state law claims pre-empted save for one based on New York's Navigation Law. Id.

GE has moved for reconsideration of the May 12 MDO, arguing that a proper application of the doctrine of conflict pre-emption requires plaintiffs' New York Navigation Law claim to also be dismissed. Plaintiffs oppose. The motion will be considered on the basis of these submissions without oral argument.

**II. DISCUSSION**[1]

GE has moved pursuant to Federal Rule of Civil Procedure ("Rule") 54(b), which provides that a district court's non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

"Rule 54(b) gives district courts broad discretion to reconsider, reverse, or modify interlocutory orders previously entered in a case." Vornado Realty Trust v. Marubeni Sustainable Energy, Inc., 987 F. Supp. 2d 267, 275 (E.D.N.Y. 2013). Generally speaking, however, a party seeking reconsideration "must show an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice[.]" Long v. U.S. Dep't of Justice, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (Mordue, C.J.).

GE contends reconsideration is warranted here to correct a clear error of law. Specifically, GE asserts the May 12 MDO erred in concluding that the petroleum exclusion found in the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675 ("CERCLA"), works to preclude dismissal of plaintiffs' Navigation Law claim on the basis of conflict preemption. Def.'s Mem., ECF No. 277-2, 4-6.[2]

As an initial matter, GE is correct to note that Polychlorinated Biphenyls ("PCBs"), the chemical compounds at the heart of this case, are considered a type of "hazardous substance" covered by CERCLA's broad reach. See 42 U.S.C. § 9601(14); see also Town of

---

[1] The parties' familiarity with the factual background in this matter is presumed and will not be repeated here.

[2] Pagination corresponds with that assigned by CM/ECF.

- 3 -

Halfmoon, 2015 WL 2229236, at *6 ("The parties [ ] agree . . . PCBs are 'hazardous substances' within the meaning of CERCLA.").

But CERCLA's scope of coverage is not limitless. "CERCLA's definition of hazardous substance does not include petroleum, or the hazardous substances normally found in refined petroleum, including unadulterated waste oil." Booth Oil Site Admin. Grp. v. Safety-Kleen Corp., 532 F. Supp. 2d 477, 510 (W.D.N.Y. 2007); see also 42 U.S.C. § 9601(33) (excluding "petroleum" from the definition of a hazardous substance).

Instead, liability for the discharge of petroleum must be established in accordance with the relevant state law. New York's Navigation Law provides that "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained . . . ." N.Y. NAV. LAW § 181(1).

This statute, which is to be "liberally construed to effect its purposes," broadly defines "petroleum" as "oil or petroleum of any kind and in any form including, but not limited to, oil, petroleum, fuel oil, oil sludge, oil refuse, oil mixed with other wastes and crude oils, gasoline and kerosene." N.Y. NAV. LAW §§ 172(15), 195.

GE asserts these distinctions in scope of coverage are irrelevant, since plaintiffs "do not and could not contend that the[ ] resuspended PCBs are outside the reach of CERCLA." Def.'s Mem. at 6. But that is not quite the argument plaintiffs advanced at the summary judgment stage. Rather, as the May 12 MDO notes, plaintiffs claimed the discharges are issue should be covered under both CERCLA and the Navigation Law. See Town of Halfmoon, 2015 WL 2229236, at *13 n. 20.

To be sure, "the primary purpose of the exclusion for petroleum, which is defined principally in terms of crude oil and crude oil fractions, was to exclude from CERCLA's coverage 'spills or other releases strictly of oil,' not releases of hazardous substances mixed with oil." City of New York v. Exxon Corp., 744 F. Supp. 474, 490 (S.D.N.Y. 1990) (internal citation omitted). Ultimately, however, "whether state-law claims are preempted by CERCLA boils down to whether double recovery . . . will occur." MPM Silicones, LLC v. Union Carbide Corp., 931 F. Supp. 2d 387, 406 (N.D.N.Y. 2013) (Kahn, J.).

It is against this backdrop that the May 12 MDO identified a genuine factual dispute over whether the relevant discharges from the Hudson Falls and Fort Edward plants were petroleum-based" or, instead, were PCBs that may have become mixed with petroleum. Town of Halfmoon, 2015 WL 2229236, at *13. The latter would seem to fall within CERCLA's reach. Booth Oil Site Admin. Grp., 532 F. Supp. 2d at 510 ("CERCLA's definition of hazardous substances does include hazardous substances which are added to petroleum . . . ."). The former may not. Cf. ("[I]t may well be that plaintiff incurred damages responding to discharges of petroleum which are outside of CERCLA's definition of hazardous substance.").

Indeed, "[t]he imposition of [ ] hazardous waste contamination liability under state law, on facts that would not, for whatever reason, support CERCLA liability, is expressly authorized by CERCLA." New York v. West Side Corp., 790 F. Supp. 2d 13, 27 (E.D.N.Y. 2011) (citation omitted); see also Volunteers of Am. of W.N.Y. v. Heinrich, 90 F. Supp. 2d 252, 257-58 (W.D.N.Y. 2000) ("CERCLA does not prevent a plaintiff from recovering damages under state law that are not duplicative of the damages it recovers under CERCLA."). Therefore, out of an abundance of caution, both the CERCLA and Navigation

Law claims in this case will be permitted to go forward.

### III. **CONCLUSION**

The question of whether, and to what extent, the contamination at issue in this case gives rise to liability that may fall within CERCLA's petroleum exclusion is one that has been reserved for trial. GE's renewed arguments here do not provide a sufficient basis for reconsidering the logic of that conclusion.

Therefore, it is

ORDERED that

GE's motion for reconsideration (ECF No. 277) is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 9, 2015
       Utica, New York.